UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMAYYA MUHAMMAD,<br>　　　　Plaintiff<br><br>　　v.<br><br>CHICAGO TRANSIT AUTHORITY and<br>CHICAGO TRANSIT BOARD,<br>　　　　Defendants | No. 23 CV 02122<br><br>Judge Jeremy C. Daniel |
| RENAUD RASHEED,<br>　　　　Plaintiff<br><br>　　v.<br><br>CHICAGO TRANSIT AUTHORITY and<br>CHICAGO TRANSIT BOARD,<br>　　　　Defendants | No. 23 CV 02284<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss the third amended complaint [35] is granted in part and denied in part. The plaintiffs have stated claims for religious and racial discrimination. Those claims may proceed. The plaintiffs have not stated claims for retaliation, under the Illinois Human Rights Act, or against the Chicago Transit Board. In addition, the plaintiffs' request for punitive damages against the Chicago Transit Authority is stricken. The defendants' prior motions to dismiss [12 and 22] are denied as moot. The Court notes that the plaintiffs failed to respond to the defendants' motion to dismiss, which reflects a failure to prosecute their claims. The Court cautions the plaintiffs that further failure to prosecute their claims will result in dismissal with prejudice.

## STATEMENT

According to the plaintiffs, the defendants discriminated against the plaintiffs on both religious and racial grounds, violated the Illinois Human Rights Act, and retaliated against the plaintiffs for seeking religious accommodations. The defendants have moved to dismiss all claims. The plaintiffs did not respond to the defendants' motion.

A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To state a Title VII claim for failure to accommodate religion, an employee must allege three things: (1) the observance or practice conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance or practice to [the] employer's attention; and (3) the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013). Here, the plaintiffs allege that their employment with the Chicago Transit Authority ended in the summer of 2022 after their religious beliefs prevented them from complying with the defendants' mandatory vaccination policy. The plaintiffs further allege that they sought religious accommodations from the defendants but were denied, even though others of different faiths (and races) received religious accommodations. These allegations are sufficient to state claims for religious discrimination.

To state a Title VII claim for racial discrimination, an employee must allege that: (1) the employee is a member of a protected class; (2) the employee was meeting their employer's legitimate performance expectations; (3) the employee suffered an adverse employment action; and (4) other similarly situated employees who were not members of the protected class were treated more favorably. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). Here, the plaintiffs allege that they are African-Americans whose employment with the Chicago Transit Authority ended in the summer of 2022 after their religious beliefs prevented them from complying with the defendants' mandatory vaccination policy. The plaintiffs further allege that the defendants granted religious accommodations concerning the mandatory vaccination policy to "non-African American, Muslim women and men." These allegations are sufficient to state claims for racial discrimination.

The plaintiffs have not, however, stated claims under the Illinois Human Rights Act. "The Illinois Human Rights Act requires a complainant to exhaust administrative remedies prior to filing a civil lawsuit." *See Gray v. Vill. of Hazel Crest*, No. 21-CV-6372, 2022 WL 2181428, at *2 (N.D. Ill. June 16, 2022). Here, the complaint is silent as to whether the plaintiffs exhausted their administrative remedies under the

2

Illinois Human Rights Act. The complaint does, however, allege exhaustion with respect to their administrative remedies at the Equal Employment Opportunity Commission. In their motion to dismiss, the defendants call into question whether the plaintiffs exhausted their administrative remedies under the Illinois Human Rights Act. The plaintiffs failed to file a response to that motion. Consequently, the plaintiffs have forfeited any challenge to the defendants' exhaustion claims. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver."); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). Without any support in the complaint concerning exhaustion with respect to their administrative remedies under the Illinois Human Rights Act, and with no response to the defendants' motion, the plaintiffs' claims under the Illinois Human Rights Act are dismissed.

The plaintiffs also have not stated a claim for municipal liability. A "municipality may be found liable under § 1983 when it violates constitutional rights via an official policy or custom. To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the municipality, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (citations omitted). In addition to forfeiting any challenge to the defendants' arguments in this regard by failing to file a response, the complaint fails to identify any express policy or widespread practice of denying religious accommodations, and does not point to a person having final policymaking authority having caused their alleged injuries. Therefore, the plaintiffs have failed to state a claim against the Chicago Transit Board.

To state a claim for retaliation under Title VII, an employee must allege that: (1) the employee engaged in statutorily protected expression; (2) the employee suffered an adverse action by their employer; and (3) there is a causal link between the employee's protected expression and the adverse action. *Scaife v. United States Dep't of Veterans Affs.*, 49 F.4th 1109, 1118 (7th Cir. 2022). "Protected activity is some step in opposition to a form of discrimination that the statute prohibits." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 501 (7th Cir. 2017) (quotations omitted). Here, the plaintiffs allege that they "engaged in protected activity by tendering in good faith, requests for religious accommodations while performing their jobs in a manner that was consistent with Defendant's legitimate business expectations." Because submitting religious accommodation forms was not an act opposing religious or racial discrimination, it does not constitute statutorily protected expression. Accordingly, the plaintiffs have failed to state claims for retaliation.

The defendants also seek to strike the plaintiffs' claim for punitive damages. That is granted. *Planned Parenthood Ass'n/Chicago Area v. Chicago Transit Auth.*, 767 F.2d 1225, 1233–34 (7th Cir. 1985) ("The Chicago Transit Authority is a municipal corporation, and as a general rule, local public entities are immune from punitive damage awards in civil rights actions.").

Date: January 22, 2024

JEREMY C. DANIEL
United States District Judge

4